**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-50253
Summary Calendar
_____

BILLY DALE CARTER,
BILLY FRANK DAVIS, and
MOSES PRINCE, JR.,

Plaintiffs-Appellants

VERSUS

JOE GONZALES, WARDEN, ET AL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(SA-94-CV-987)
_____
November 13, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[1]

The only issue before this court is the propriety of the district court's order denying injunctive relief to plaintiffs. Inmates Billy Dale Carter, Billy Frank Davis, and Moses Prince sued several officials of the Dolph Briscoe Unit of the Texas prison system. Plaintiffs alleged that, although they had tested positive for hepatitis C, defendants failed to conduct followup liver assessments or refer them for specialized care. They sought

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

monetary damages and an order directing prison officials to provide them with immediate treatment. While this suit was pending, plaintiffs filed a number of motions. In one of these they asserted that prison officials had retaliated against them for instituting suit and asked the district court to remove them from state custody, or at least from the Dolph Briscoe Unit, for the duration of the litigation. The magistrate judge determined that plaintiffs had not alleged sufficient facts to support these allegations. On his recommendation, the district court denied all motions for injunctive relief. Plaintiff Carter filed this appeal.

This court will not reverse a district court's decision to grant or deny a motion for a preliminary injunction absent a showing of abuse of discretion. Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). The only fact offered to support Carter's claim of retaliation is the timing of a major disciplinary report filed against him; he was accused of threatening defendant Waldrum only ten days after the plaintiffs served their interrogatories. Presented with only this evidence, the district court concluded that Carter had not demonstrated a substantial threat that irreparable injury would result from its failure to grant an injunction.[2] The district court did not abuse its discretion in so holding.

AFFIRMED.

---

[2] Billy Dale Carter has also filed a motion for relief and settlement memorandum which is unrelated to the limited issues pending before this court related to plaintiff's claim for injunctive relief. The motion is therefore denied.